Opinion by
Mr. Justice Hodges.
James R. England, as the defendant in the trial court, pled guilty in 1967 to the charge of aggravated robbery. Thereupon, he was sentenced to a term in the penitentiary of not less than 15 nor more than 30 years.
In 1969, the defendant filed a motion for post conviction relief under Crim. P. 35 (b). This motion was denied by the trial court. In urging reversal of the trial court’s judgment denying his 35(b) motion, the defendant on writ of error urges that the sentence he received be vacated and that he be resentenced to a term of not less than one year nor more than 10 years. A ten-year limitation was provided in C.R.S. 1963, 40-5-1(3) for sentencing a person who is under the age of 21 years at the time of conviction. That statute was amended [now 1967 Perm. Supp., C.R.S. 1963, 40-5-1(3)], effective June 12, 1967. The amendment, among other things, allows for less severe sentencing of a person who is under the age of 18 years at the time he is convicted of aggravated robbery. Our discussion herein is in terms of the former statute C.R.S. 1963, 40-5-1(3); references, unless otherwise noted, apply only to the former statute; and, as noted infra, since defendant’s 21st birthday occurred before the effective date of the 1967 amendment, we allow him the benefit of the former statute.
In this case, the defendant was arrested and charged with aggravated robbery before his 21st birthday and was arraigned a short time after his 21st birthday. The circumstances of this case, including the long time intervals between the arrest and the making of the charge, between the arrest and the arraignment, and between *238 the arrest and the time of the appointment of an attorney to represent this defendant, require a reversal and a remand of this case to the trial court for the purpose of vacating its prior sentence and resentencing this defendant to a term in the penitentiary of not more than 10 years.
The record reveals the defendant was arrested on March 15, 1967, on the charge of aggravated robbery, allegedly committed on March 11, 1967. The defendant was held in jail for investigation until March 21, 1967, when he was then taken before the county judge and advised of his rights. An information charging aggravated robbery was filed on March 24, 1967, and the court set March 28, 1967, as the date for arraignment. The defendant’s 21st birthday was on March 27, 1967.
The defendant appeared in the trial court on March 28th for arraignment, at which time he was asked if he wanted to plea or get an attorney first; whereupon, he informed the court:
“I want to get an attorney first. What I was told, Your Honor, the maximum carried ten years if you were under 21, and I wanted to check into it because I was 21 yesterday [March 27, 1967] and I understood I would go to court Friday [March 25, 1967] for a preliminary hearing. I understood that I would come to court last Friday for a preliminary hearing and I have one conviction of a robbery already.”
The public defender was appointed on March 28, 1967, the day after defendant’s birthday, and subsequently appeared with the defendant on April 7, 1967, and on defendant’s behalf entered a plea of not guilty.
The record further indicates that the defendant was facing additional charges in Denver and Jefferson County. As the apparent result of plea bargaining, other charges were dropped. He then changed his plea to guilty on August 21, 1967, and the sentence of fifteen to thirty years was imposed by the court on September 5, 1967.
*239 ■The trial court at the time of accepting his plea of gu-ilty fully advised the defendant as to the nature of the charge and the possible sentence: The defendant,who from March 28, 1967 had the assistance of counsel, was examined by the court as to his knowledge of the charge, the consequences, the voluntariness of his plea, and whether he wished to waive his right to jury trial. The court being satisfied the defendant was fully advised and the plea was being entered knowingly, intelligently, and voluntarily, accepted the plea, and then later, imposed sentence as aforesaid.
C.R.S. 1963, 40-5-1 (1) defined the crime of robbery and provided for punishment in the state penitentiary for not less than one nor more than fourteen years. Subparagraph (2) increased the punishment to two years or for life if specified factors appear as part of the offense. Subparagraph (3) stated:
“Provided, that where the person convicted of robbery or convicted of robbery under the circumstances as defined in subsections (2) (b) to (2) (d) of this section, is a person under the age of twenty-one years at the time of conviction, he may be sentenced to confinement in the state reformatory or in the state penitentiary, in the discretion of the court; and, if sentenced to the state penitentiary, the duration of the sentence to be imposed shall be within the discretion of the court, the same, however, to be for a term of not less than one year nor more than ten years.” (Emphasis added.)
We conclude, first of all, that defendant’s conviction on his plea of guilty, as distinct from his sentencing, was proper. The record indicates that he was fully advised of his rights upon entry of his guilty plea on August 21, 1967, and that his guilty plea on that date was voluntarily and intelligently entered.
Secondly, we note that, under the particular circumstances here, the time between defendant’s arrest and the filing of charges against him and appointment of *240 counsel for him, was unduly long. Our present rules provide, as did the rules of criminal procedure in effect at the time of defendant’s arrest, that a person who is arrested shall be taken before a county judge to be apprised of the charges against him and, among other things, of his right to counsel and to have counsel appointed if he is unable to obtain counsel. These same rules provide that the person arrested shall be taken before the county judge within a reasonable time and without unnecessary delay.
In the instant case, the record discloses that, although defendant’s twenty-first birthday was imminent, he was not taken before the county court judge until six days after his arrest and counsel was not appointed for him until 13 days after his arrest. Such delays, under these special circumstances, were prejudicial to defendant’s right to be sentenced to a term of one to ten years, as provided for by the statute for a person convicted of robbery who is under the age of twenty-one years at the time of conviction. The record further discloses that defendant originally told the public defender that “[he] was very concerned about the fact that he had passed his 21st birthday . . . about this matter of [a] maximum of ten years, which apparently had slipped past him. We [the public defender and the defendant] discussed it and I told him that in my opinion at this point [March 28, 1967, the day after defendant’s birthday] there was nothing that I could do about it. It had gone past, I told him. . . .”
Under these special circumstances, we hold that the defendant should be resentenced as if he had entered his guilty plea, and been convicted thereon, prior to his twenty-first birthday.
Finally, we briefly discuss the statute in question. Neither the People, nor the defendant, have challenged the constitutionality of C.R.S. 1963, 40-5-1(3). Therefore, since the question is not properly before us, we do not rule upon it. However, we do note that the statute, as *241 amended, presents a serious constitutional question in its use of the time of conviction rather than the time of the commission of the offense for determining which persons come within its purview.
The effect of using the “time of conviction” as a reference point is that it tends to coerce a person whose twenty-first birthday is imminent to forego a plea of not guilty and a trial by jury, so that he can be convicted quickly upon a guilty plea and thus take advantage of the less severe sanctions imposed for those convicted before their twenty-first birthday. Cf. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, wherein a provision of the Federal Kidnapping Act, which subjected defendant therein to a risk of the death penalty only if he exercised his right to a trial by jury, was declared unconstitutional because it imposed an impermissible burden upon the assertion of a constitutional right.
The ruling denying defendant’s motion for relief under Crim. P. 35 (b) is reversed and the cause is remanded to the trial court for resentencing in accordance with the views expressed herein.
Mr. Justice Erickson, Ronald J. Hardesty, District Judge*, and Francis W. Jamison, Retired County Judge**, concur.

District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

County Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.